**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYRONE POWELL YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-01219-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(Docs. 2, 10)<br><br>**21-DAY DEADLINE** |

　　　　The assigned magistrate judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $402.00 filing fee in full to proceed with this action because he can afford the costs of this action. (Doc. 10.)  The magistrate judge found that Plaintiff's available balance was $1,455.11.  (*Id.*)  Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within 14 days after service.  (*Id.* at 2.)

　　　　Plaintiff filed objections[1] arguing that the money in his trust account was received from the second distribution of Economic Impact Payments.  (Doc. 11.)  Plaintiff argues that *Scholl v. Mnuchin*, Case No. 20-cv-05309 made stimulus payments for miscellaneous income exempt from

---

[1] The Court notes that the October 17, 2022 objections appear to be duplicative of the October 14, 2022 objections, although they are missing several pages.  The Court has therefore considered the complete version of the objections filed on October 14, 2022.  (Doc. 11.)

1

collection payments, including filing fees from the United States District Courts. (*Id.*)

Plaintiff's objections are unpersuasive. Plaintiff does not contest that he has sufficient funds to pay the filing fee for this action. Also, his reliance on *School* is misplaced. *Scholl*, Case No. 4:20-cv-05309-PJH (N.D. Cal.), did <u>not</u> hold that stimulus payments are exempt from collection for the payment of filing fees. Rather, that case held that stimulus payments could not be withheld from the plaintiffs or any class member on the sole basis of their incarcerated status and issued a permanent injunction preventing the defendants from withholding such benefits from the plaintiffs or any class member on the sole basis of their incarcerated status. *Scholl*, 494 F. Supp. 3d 661 (N.D. Cal. Oct. 14, 2020) (final judgment entered January 21, 2021, Case No. 4:20-cv-05309-PJH (N.D. Cal.), Dkt. No. 184). Therefore, Plaintiff has not supported his claim that the funds available to him cannot be used to pay his filing fee.

According to 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 28, 2022, (Doc. 10), are **ADOPTED IN FULL**.
2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (Doc. 2), is **DENIED**.
3. Within **21 days** following the date of service of this order, Plaintiff shall pay the $402.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:   **October 19, 2022**

UNITED STATES DISTRICT JUDGE

2