# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE POWELL YOUNG,<br><br>            Plaintiff,<br><br>    v.<br><br>CLARK, *et al.*,<br><br>            Defendants. | Case No.  1:22-cv-01219-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COURT REGARDING FILING FEE AS MOOT<br><br>(ECF No. 19) |

      Plaintiff Tyrone Powell Young ("Plaintiff") is a state prisoner proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983.

      On September 28, 2022, the undersigned issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied on the basis that Plaintiff is able to afford the costs of this action, and that Plaintiff be required to pay the $402.00 filing fee in full to proceed with this action.  (ECF No. 10.)  Plaintiff filed objections on October 14, 2022 and October 17, 2022.  (ECF Nos. 11, 12.)  The District Judge adopted the findings and recommendations in full on October 19, 2022, and ordered Plaintiff to pay the filing fee within twenty-one days.  (ECF No. 13.)

      On October 21, 2022, Plaintiff filed a motion for an extension of time to pay the filing fee, indicating that he attempted to secure a cashier's check to pay the filing fee, but he did not know when the Trust Office would have the cashier's check ready.  (ECF No. 14.)  The Court found

good cause to grant the extension of time, and extended the deadline for Plaintiff to pay the filing fee to November 28, 2022.  (ECF No. 15.)

On November 17, 2022, Plaintiff filed a "Motion Requesting Order for CDCR to Generate a Cashier's Check for $402.00 To Pay Court Filing Fee."  (ECF No. 17.)  On November 18, 2022, the Court issued an order finding that such an order to CDCR was unnecessary, denied the motion without prejudice, and granted Plaintiff a further extension of the deadline to submit the filing fee. (ECF No. 18.)  Plaintiff was further advised that a cashier's check or money order is not necessary to pay the filing fee, and he may authorize a withdrawal of $402.00 from his prison trust account, to be sent to the Court directly from CDCR by check.  Plaintiff should include the case number for this action in his withdrawal request.  Alternatively, it appears Plaintiff must receive approval from his Correctional Counselor to receive a cashier's check, if Plaintiff wishes to mail a cashier's check to the Court himself.  (*Id.*)  A courtesy copy of that order was also served on the Litigation Coordinator at Plaintiff's institution.

Currently before the Court is Plaintiff's motion to the Court regarding his filing fee, filed November 28, 2022 and dated November 21, 2022.  (ECF No. 19.)  It appears that Plaintiff mailed this motion before receiving the Court's November 18, 2022 order.  In the motion, Plaintiff corrects the name of the Correctional Counselor he spoke to regarding withdrawing money from his inmate trust account, but otherwise reiterates his desire for a Court order directing CDCR, CSP – Sacramento, or the prison Trust Account Office to remove the appropriate amount from Plaintiff's trust account to pay the filing fee for this action.  (*Id.*)

As the Court has already addressed these arguments in the November 18, 2022 order, and there remains ample time for Plaintiff to submit the filing fee by the extended deadline of January 5, 2023, the motion is denied as moot.  If Plaintiff continues to experience difficulty withdrawing the appropriate amount from his trust account, he may file another motion seeking an extension of this deadline, supported by good cause.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion regarding the filing fee for this action, (ECF No. 18), is DENIED, as moot;

2. The $402.00 filing fee for this action remains due on or before **January 5, 2023**; and

3. **The failure to comply with this order will result in dismissal of this action for failure to obey a court order and failure to pay the filing fee**.

IT IS SO ORDERED.

   Dated:   **November 30, 2022**            /s/ *Barbara A. McAuliffe*            
                                             UNITED STATES MAGISTRATE JUDGE