1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE POWELL YOUNG, | Case No. 1:22-cv-01219-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CLARK, *et al.*, | (ECF Nos. 1, 23, 25) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Tyrone Powell Young ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 19, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendants J. Webb, A. Loza, J. Flores, and the 5 John Doe Defendants for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 23.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On December 22, 2022, Plaintiff notified the Court of his willingness to proceed only on the cognizable claims against Defendants J. Webb, A. Loza, and J. Flores identified by the Court, as those are the three defendants he can positively identify. (ECF No. 25.) Plaintiff further stated that he does not have the legal knowledge, training, and expertise to articulate his claims against the other defendants included in

1   the original complaint.  (*Id.*)

2   **II.      Screening Requirement and Standard**

3        The Court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

6   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

7   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8        A complaint must contain "a short and plain statement of the claim showing that the

9   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

13  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

14  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

15       To survive screening, Plaintiff's claims must be facially plausible, which requires

16  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

17  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

18  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

19  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

20  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

21       **A.      Allegations in Complaint**

22       Plaintiff is currently housed at California State Prison in Sacramento.  Plaintiff alleges the

23  events in the complaint occurred at Corcoran State Prison in Corcoran, California.  Plaintiff

24  names as defendants: (1) Ken Clark, Warden, (2) M. Gamboa, Chief Deputy Warden,

25  (3) Galleger, A Facility Captain (4) A. Randolph, 4A Facility Lieutenant, (5) E. Cortez, 4A

26  Facility Sergeant, (6) A. Loza, 4A1 L Floor 1 correctional officer, (7) J. Flores, 4A1 L Sec. Pat

27  SHU MH1 correctional officer, (8) J. Webb, 4A1 L yard gunner correctional officer, (9) John Doe

28  #5, 4A SHU Corcoran Prison Guard, (10) Chief Medical Officer, prison infirmary chief medical

officer, (11) M. Rodriguez, 4A SHU correctional officer, (12) J. Cabrera, supervising correctional officer, (13) E. Garza, 4A investigative employee correctional officer, (14) L. Padrnos, hearing official correctional Lieutenant, (14) J. Perez, Associate Warden.

In claim 1, Plaintiff alleges a violation of the Eighth Amendment.  On October 18, 2019, correctional officers J. Webb, A. Loza, J. Flores and #5 John Does, and others, came into the recreational exercise module #7 where Plaintiff was assigned.  At that time and unprovoked, they began to "maliciously and sadistically, assaulting me by striking me, hitting and punching me, with their closed fists, numerous times" until Plaintiff was overwhelmed and "pummeled" to the ground.  Those correctional officers continued to hit, strike and punch Plaintiff, "as well as kick, and stomp" Plaintiff with their boots on their feet for about 8 minutes.  Then Webb, Loza, Flores and the other John Doe correctional officers, stopped the sadistic assault on Plaintiff and began discussing among themselves "what lie they was going to tell their supervisors, to justify and explain," how Plaintiff, a 62-year-old senior, had sustained such blunt force trauma and serious bodily injury to Plaintiff head, face, and body.  Plaintiff was on ground experiencing severe pain and suffering and was bleeding profusely from his eye and mouth.  None of the "#8" correctional officers who brutally assaulted Plaintiff did anything to intervene and stop the assault by the other correctional officers.

As a result, Plaintiff's nose and cheek bones were fractured and his jaw was fractured. His ribs were fractured in numerous places and he had other injuries.

In claim 2, Plaintiff alleges a violation of the Eighth Amendment for threat to his safety. Facility 4A Program Correctional sergeant Cortez failed to supervise correctional officers A. Loza, J. Flores, J. Webb and the 5 unidentified John Doe correctional officers who assault inmates at Corcoran.  Defendant Cortez never did anything to correct the violent problem with J. Flores, J. Webb and A. Loza.  Warden Ken Clark and Chief Deputy M. Gamboa failed to train correctional officers A. Loza, J. Flores, and J. Webb and the 5 John Doe correctional officers that assaulted Plaintiff.  Warden Clark and Chief Deputy Gamboa were aware that Loza, Flores and Webb had a pattern and history of assaulting inmates at Corcoran, but Warden Clark and Chief Deputy Gamboa did not do anything to correct and eliminate the violence by A. Loza, J. Flores,

1    and J. Webb and the 5 correctional John Doe officers.  Warden Clark and Chief Deputy Gamboa

2    were responsible for hiring and training.  Also, Warden Clark, Gamboa and Chief Medical

3    Officer refused to allow Plaintiff to get the proper medical treatment.  Plaintiff needed surgery on

4    his fractured jaw and nose.

5           In claim 3, Plaintiff alleges a violation of Due Process and Equal Protection in disciplinary

6    proceedings.  Plaintiff received a Rule Violation Report ("RVR") on October 20, 2019 log

7    number 000000006822226.  In advance of the RVR disciplinary hearing, Plaintiff gave a

8    statement to Defendant M. Rodriguez to be added to the RVR packet for Plaintiff's hearing, as his

9    defense and Plaintiff's version of events.  M. Rodriguez did not put Plaintiff's statement in the

10   RVR packet and is a violation of Due Process.  Plaintiff also gave Investigative employee

11   correctional officer Garza a statement for Plaintiff's defense and Plaintiff's version of events.

12   Defendant Garza did not put Plaintiff's statement in the RVR packet for Plaintiff's disciplinary

13   hearing, in violation of Due Process.

14          Defendant Lieutenant L. Padrnos held a violation hearing on November 19, 2019, but did

15   not allow Plaintiff to attend the hearing in person to plead his case, in violation of Due Process

16   and Equal Protection. Sergeant Cabrera, correctional officer, "participated in making sure that my

17   statement was not presented at my RVR Hearing" which was a violation of Plaintiff's

18   constitutional rights.  J. Perez, Associate Warden, sanctions everything in this claim.

19          As remedies, Plaintiff seeks compensatory and punitive damages.

20          **B.      Discussion**

21                 **1.      Linkage**

22          Section 1983 requires that there be an actual connection or link between the actions of the

23   defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of*

24   *Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976).  The Ninth Circuit has

25   held that "[a] person 'subjects another to the deprivation of a constitutional right, within the

26   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

27   omits to perform an act which he is legally required to do that causes the deprivation of which

28   complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendants Galleger and A. Randolph to any alleged wrongful conduct. To state a claim for relief under section 1983, Plaintiff must link each defendant with some affirmative act or omission demonstrating a violation of Plaintiff's federal rights.

### 2.   Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendant Warden, Associate Warden, Lieutenant, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff claims that defendants Clark, Gamboa, and Cortez—respectively, Warden, Chief Deputy, Warden, and Sergeant—are liable either for their failure to adequately train correctional

officers or for some other failure in their supervisory capacities.  Plaintiff alleges Warden Clark and Chief Deputy Warden Gamboa were aware that Loza, Flores and Webb had a pattern and history of assaulting inmates.  But Plaintiff fails to allege any factual support as to the conclusory allegation that Defendants were "aware."  Plaintiff alleges only that, as Warden, Chief Deputy Warden, and Sergeant, they are responsible for the actions of corrections officials.  Because plaintiff fails to allege specific facts from which to infer personal knowledge or involvement—or facts showing how an identifiable failure to train or supervise caused the incident—his allegations are insufficient to state a claim.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").  Rather, Plaintiff merely relies on Defendants' responsibility as Warden, Chief Deputy Warden, and Sergeant to operate the prison and ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983.  *Iqbal*, 556 U.S. at 677.  A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Martinez v. Sherman*, No. 1:21-CV-01319 BAM PC, 2022 WL 126054, at *4 (E.D. Cal. Jan. 13, 2022), report and recommendation adopted, No. 1:21-CV-01319 ADA BAM PC, 2022 WL 4072863 (E.D. Cal. Sept. 2, 2022).

### 3.   Eighth Amendment

#### a.   Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

1    *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

2            "[W]henever prison officials stand accused of using excessive physical force in violation

3    of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-

4    faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

5    *Hudson*, 503 U.S. at 6–7.  Not "every malevolent touch by a prison guard gives rise to a federal

6    cause of action."  *Id.* at 9.  De minimis uses of physical force do not violate the constitution

7    provided that the use of force is not of a sort "repugnant to the conscience of mankind."  *Whitley*

8    *v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

9            For claims of excessive physical force, the issue is "whether force was applied in a good-

10   faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

11   *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,]

12   the need for application of force, the relationship between that need and the amount of force used,

13   the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

14   severity of a forceful response.' "  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

15   Finally, because the use of force relates to the prison's legitimate penological interest in

16   maintaining security and order, the court must be deferential to the conduct of prison officials.

17   *See Whitley*, 475 U.S. at 321–22.

18           Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim

19   for excessive force against J. Webb, A. Loza, and J. Flores for the unprovoked attack on Plaintiff

20   on October 18, 2019.

21           Plaintiff has stated that he cannot identify the Doe Defendants and has provided notice to

22   the Court that he does not wish to proceed against them, (ECF No. 25), and therefore fails to state

23   a claim against the Doe Defendants.

24                          b.      Failure to Intervene

25           Prison officials have a duty to take reasonable steps to protect inmates from physical

26   abuse.  *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

27   "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."

28   *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

1   Plaintiff may be able to state a claim, but based on the current pleading, Plaintiff fails to

2   state a cognizable claim.  The allegations are unclear as to which Defendants engaged in the

3   excessive force and which Defendants failed to protect Plaintiff.

4                        c.        Deliberate Indifference to Medical Care

5         A prisoner's claim of inadequate medical care does not constitute cruel and unusual

6   punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

7   "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

8   2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate

9   indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

10  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

11  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

12  indifferent."  *Jett*, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner

13  unless the defendant "knows of and disregards an excessive risk to inmate health or safety."

14  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard,"

15  *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d

16  1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond

17  to a prisoner's pain or possible medical need" and the indifference caused harm.  *Jett*, 439 F.3d at

18  1096.

19        Negligence or medical malpractice do not rise to the level of deliberate indifference.

20  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).

21  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition

22  does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

23  malpractice does not become a constitutional violation merely because the victim is a prisoner."

24  *Estelle*, 429 U.S. at 106; *see also Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

25  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.

26  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere

27  disagreement with diagnosis or treatment does not support a claim of deliberate indifference.

28  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not alleged sufficient facts showing what the individual Defendants personally did that violated Plaintiff's constitutional rights.  Specifically, Plaintiff has not alleged facts showing that Defendants Warden Clark, Gamboa, and Chief Medical Officer knew Plaintiff had a serious medical need, knew he was at excessive risk of serious harm, and yet ignored the risk or otherwise acted unreasonably while knowing about the risk.  Plaintiff's allegations that Plaintiff desired surgery demonstrates, at most, that his claim is based on a difference of opinion with the Defendants regarding treatment, which does not give rise to a § 1983 claim.

### 4.      Disciplinary Proceeding

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556.  The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Id.* at 563–71.  As long

1   as the *Wolff* requirements are met, due process has been satisfied.  *Walker v. Sumner*, 14 F.3d

2   1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472

3   (1995).  In addition, "some evidence" must support the decision of the hearing officer,

4   *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of

5   reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is

6   not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record

7   that could support the conclusion reached. . . ."  *Hill*, 472 U.S. at 455–56 (emphasis added).

8          To the extent Plaintiff complains of not having the best evidence, including witnesses

9   (himself), available, Plaintiff is not entitled to evidence if it will be unduly hazardous to

10   institutional safety or correctional goals.  *Wolff*, 418 U.S. at 566 (explaining that witnesses may

11   be denied in order to keep hearing within reasonable limits, as well as "for irrelevance, lack of

12   necessity, or the hazards presented in individual cases").

13          Plaintiff may be able to state a cognizable claim for violation of Due Process against

14   Defendant Lieutenant L. Padrnos for failing to permit Plaintiff to be heard at his disciplinary

15   hearing, either in person or by written statement.  Failure to permit Plaintiff to be heard at the

16   disciplinary proceeding, either in person or by written statement, may be a violation of the *Wolff*

17   factors.  However, it is unclear from the allegations what Plaintiff was told why Plaintiff was not

18   permitted to attend, how Plaintiff knew his statements were not presented, and whether Defendant

19   Padrnos was informed Plaintiff had provided written statements.

20          Plaintiff fails to state a cognizable claim against M. Rodriguez, Cortez or Defendant Garza

21   for failure to place his statements in his file.  Plaintiff has failed to allege a violation of the *Wolff*

22   procedural requirements.

23          Plaintiff also alleges that J. Perez, Associate Warden, "sanctions everything." Plaintiff

24   fails to state a claim against Defendant Perez.  A supervisor is only liable for constitutional

25   violations of his subordinates if the supervisor participated in or directed the violations, or knew

26   of the violations and failed to act to prevent them.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.

27   1989).

28   ///

### 5.     False Reports

The creation of false evidence, standing alone, is not actionable under § 1983.  *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).  Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff."  *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Accordingly, Plaintiff's complaint does not state a cognizable claim against any Defendant related to the creation of false reports.

### 6.     Equal Protection

Plaintiff appears to allege that Defendants violated his right to equal protection either at or by the disciplinary hearing.

The Fourteenth Amendment's Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike.  *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  A plaintiff can establish an equal protection claim either by showing that he was intentionally discriminated against based on his membership in a protected class, see *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or by showing that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment, see *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601-02 (2008).

Plaintiff has not alleged facts demonstrating that he is a member of a protected class, as prisoners do not qualify as a protected class for equal protection purposes.  *See City of Cleburne*, 473 U.S. at 445-46; *see also Heller v. Doe by Doe*, 509 U.S. 312, 321 (1993).

Plaintiff also has not alleged facts demonstrating that similarly situated individuals were intentionally treated differently than him without a rational basis for the difference in treatment.

**III.   Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff states cognizable claims against Defendants J. Webb, A. Loza, and J. Flores for excessive force in violation of the Eighth Amendment for the unprovoked attack on Plaintiff on October 18, 2019.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1.   This action proceed on Plaintiff's complaint, filed September 19, 2022, (ECF No. 1), against Defendants J. Webb, A. Loza, and J. Flores for excessive force in violation of the Eighth Amendment; and

2.   All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __December 23, 2022__          ____/s/ Barbara A. McAuliffe____
                                                          UNITED STATES MAGISTRATE JUDGE

12